Roy P. M. Davis, Appellant, v. James W. Burns and Others, Respondents.

Fourth Department, July 3, 1917.

Real property — partition of lands owned by plaintiff and defendant as tenants in common subject to mortgage — effect of agreement by plaintiff to pay mortgage and subsequent purchase thereof by defendant.

Where, in an action to partition lands owned by the plaintiff and the defendant in equal, undivided shares as tenants in common, and subject to a mortgage executed by a prior owner, it appears that after the transfer to the defendant of his share, the plaintiff purchased his interest subject to the mortgage which he assumed and agreed to pay, and that about a month thereafter and a few days before the commencement of this action, the defendant purchased the mortgage, the primary liability of his share for the payment of the mortgage was not changed or affected by plaintiff's agreement to assume said mortgage, nor was such agreement made for the benefit of the defendant or his share.

The defendant's subsequent purchase of the mortgage gives him no right or equity to shift the burden of one-half the mortgage from his share and impose it upon the plaintiff's.

The liability which plaintiff assumed to pay the mortgage was for the sole protection of his grantor.

Even if the whole amount of the mortgage was in fact deducted from the purchase price given by the plaintiff, the defendant's share was not thereby relieved from its primary liability.

The mortgage debt and interest should be paid from the proceeds of sale after the payment of plaintiff's costs, referee's fees, taxes and assessments and the surplus equally divided between the plaintiff and the defendant out of which should be ascertained and paid the respective dower rights claimed in both parcels of land.

Merrell, J., dissented.

Appeal by the plaintiff, Roy P. M. Davis, from an interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Lewis on the 13th day of February, 1913, upon the report of a referee appointed to hear and determine the issues.

Plaintiff appeals from said judgment in so far as it directs the referee appointed to make the sale of the premises " to ' pay over to the defendant James W. Burns the balance of

Fourth Department, July, 1917. [Vol. 179.

the said undivided half' of said proceeds of sale, and that ' then he shall deduct out of the remaining one-half belonging to the plaintiff the sum of $2,000 and interest thereon from June 10, 1913, or so much as shall remain to so apply, and if there should remain any sum after so paying the said mortgage debt and interest, namely $2,000 and interest from June 10, 1913, he shall pay such balance to the plaintiff,' and that ' if there should not be enough to pay said mortgage debt and interest, he shall report this deficiency;'" also that said referee shall pay to Kirby & Norris, attorneys for the defendant James W. Burns their costs and disbursements to be taxed.

*Purcell, Cullen & Purcell* [*Francis K. Purcell* of counsel], for the appellant.

*Kilby & Norris* [*C. E. Norris* of counsel], for the respondent James W. Burns.

FOOTE, J.:

This action is brought to partition certain lands situate in Lewis county owned by the plaintiff and the defendant Burns in equal undivided shares as tenants in common. The defendant Susie Yousey has an inchoate right of dower in the share of the defendant Burns, and the defendant Edna Davis in the share of the plaintiff. By the decree the lands are directed to be sold and a mortgage of $2,000 upon the premises held by the defendant Burns to be paid in full from the plaintiff's share of the proceeds of sale. Plaintiff appeals and contends that the mortgage should be paid one-half from the proceeds of each undivided share.

The solution of this question depends upon the equities of the respective parties in respect to this mortgage which, in form, covers both undivided shares alike. The ground upon which it has been held chargeable wholly upon plaintiff's share is that the deed of plaintiff's share to him contains a clause by which he assumes and agrees to pay the mortgage. At that time defendant Burns did not own the mortgage. It was then held by one Lindemuth. Burns acquired it by purchase on May 15, 1915, about a month after the deed to plaintiff, and only five days before this action was begun. I have reached the conclusion that Burns' share was, at

the time he bought it, chargeable in equity with the payment of one-half this mortgage, and that he bought only the equity of redemption subject to such charge; that this primary liability of Burns' share was not changed or affected by plaintiff's agreement to assume the mortgage on his purchase of the other undivided half of the property; that such agreement was not made for the benefit of Burns, or his share, and that Burns' subsequent purchase of the mortgage gives him no right or equity to shift the burden of one-half the mortgage from his share and impose it upon plaintiff's.

The pertinent facts as proved and found by the referee are:

That on December 10, 1906, the premises were owned in fee by the White Rock Lime Company, which company upon that day executed the mortgage in question for $2,000 to one Squires, which was duly recorded. The mortgage contained a covenant to pay the debt, but whether a bond accompanied the mortgage does not appear. On January 17, 1912, the White Rock Lime Company conveyed the premises to Peter Yousey and John G. Jones by warranty deed, subject to said mortgage which the grantees assumed. Peter Yousey was thereafter adjudged a bankrupt and his trustee in bankruptcy sold and conveyed his undivided interest to the defendant Burns on March 22, 1915. The referee has found that said mortgage was not mentioned in the conveyance. This is all that the record discloses as to the form of the deed. It does not appear whether this was a public or a private sale, whether made by order of the bankruptcy court or not, or whether the referee was directed or did offer to sell this undivided interest free from the lien of the mortgage, or subject to its proportionate share thereof. On April 19, 1915, said Jones sold and conveyed his undivided one-half interest to the plaintiff. The deed contained the following clause: " This property is sold subject to a mortgage of $2000 made by White Rock Lime Company to William K. Squires, dated December 10, 1906 * * * which party of the second part hereby assumes and promises and agrees to pay."

It is the claim of the defendant Burns that by this deed plaintiff has assumed the payment of the whole mortgage as

part of the purchase price to be paid by him for his undivided share, and the learned referee has so held. He has also held that the effect of this deed is to make plaintiff's undivided share the principal fund for the payment of the mortgage, leaving defendant's undivided share entirely exonerated from liability, except in the contingency that the proceeds of plaintiff's undivided half prove insufficient to pay the mortgage in full, and then liable only to the extent of such deficiency.

At the time of the deed to plaintiff, April 19, 1915, the mortgage was held by one Lindemuth, to whom Squires, the original mortgagee, assigned it on March 31, 1915. Defendant Burns purchased the mortgage from Lindemuth on May 15, 1915, for what consideration does not appear. This action was begun May 20, 1915.

To support the decision below, respondent relies upon the principle of *Lawrence* v. *Fox* (20 N. Y. 268) and *Burr* v. *Beers* (24 id. 178) and kindred cases, as imposing upon the plaintiff primary liability for the payment of the mortgage debt because of the assumption clause in the deed to him. Defendant concedes, or at least does not question the fact, that he purchased from the trustee in bankruptcy the equity of redemption only in the Yousey undivided share, and at the time of his purchase this share was primarily liable for one-half the mortgage debt. His position is that although this liability rested upon his share of the land when he bought it and he took it subject thereto, still because plaintiff in purchasing the other undivided one-half a few weeks later from Jones assumed the payment of the whole mortgage and thereby incurred personal liability to the holder of the mortgage, that Burns by purchase of this mortgage from Lindemuth thereby acquired the right both in law and equity to compel plaintiff to pay the whole mortgage in exoneration of his own share from liability. Also, that this right worked a change in the relations of these cotenants to the mortgage debt and abrogated the primary equitable liability of defendant's share and made plaintiff and his share principal debtor as to the whole mortgage.

Such a result would be most unjust and inequitable. The liability which plaintiff assumed to pay the mortgage was not

for the benefit of defendant or his share in the land. It was for the protection of Jones. Lindemuth had a right to hold Jones personally liable for the whole mortgage debt because he and Yousey had assumed and agreed to pay it. Jones' liability was that of a principal debtor for one-half the mortgage, and of surety for Yousey for the other one-half. When defendant Burns purchased the Yousey share, it still remained chargeable with its share of the mortgage and was primarily liable for one-half thereof, and surety for the other half. Plaintiff took the deed of Jones' share and assumed Jones' liability as to the mortgage. In effect he agreed to protect Jones and assume his place. There was clearly no intent to relieve Burns' share from its primary liability. Neither party to the deed had any possible motive or interest to do so. It was against their interest in every way. Burns furnished no consideration to be released and he was not a party to the transaction. I think plaintiff's assumption of the mortgage did not affect or change the primary liability of Burns' share.

If that be so, then had Lindemuth undertaken to foreclose the mortgage, a court of equity would have adjudged each undivided share primarily liable for one-half the mortgage debt, and plaintiff liable for such deficiency only as remained after the sale of both shares. Or, if Lindemuth had brought an action at law and recovered of plaintiff the full amount of the mortgage debt on his covenant, still a court of equity would afford plaintiff a remedy over against Burns' share of the land because of its primary liability in equity for one-half of what plaintiff had thus been compelled to pay. In other words, plaintiff would stand in the shoes of Jones, with the same equity that Jones would have had if he had been compelled to pay the whole mortgage. Defendant Burns by purchase of the mortgage acquired no greater rights or equities than his assignor Lindemuth had. On the contrary, as the mortgage was a common charge upon the land and as the duty of paying it off rested upon both the tenants in common alike and as defendant's share is equitably chargeable with its one-half, a court of equity should either treat defendant's share of the mortgage as paid instead of purchased, or as

Fourth Department, July, 1917.          [Vol. 179.

merged in defendant's title, if necessary to protect the equitable rights of plaintiff.

We need not consider whether the decision below could be sustained had it appeared that when plaintiff purchased from Jones, the whole amount of the $2,000 mortgage was deducted from the purchase price and thus left in plaintiff's hands to pay the mortgage. No proof was given as to how much, if any, of the purchase price was deducted or retained. I think it cannot be presumed that the whole mortgage was so deducted, for as to one-half Jones was only a surety, and it does not appear that as to this half the principal debtor was unable to pay. But, even if the whole amount of the mortgage was, in fact, deducted from the purchase price, I see no reason why that circumstance should relieve defendant's share of the land from its primary liability. It does not help defendant Burns to escape liability to say that upon his purchase of the mortgage he could, under the doctrine of *Lawrence* v. *Fox,* maintain an action directly against plaintiff on his covenant to assume the mortgage. This is not such an action. Here, the burden of the mortgage is to be apportioned between the undivided shares upon equitable principles. Unless Jones in conveying to plaintiff, placed or left in plaintiff's hands the full sum of $2,000 with which to pay the mortgage, it is clear that plaintiff should not in equity be required to pay that part equitably chargeable upon defendant's share and for which it is primarily liable. If Jones did place the full $2,000 in plaintiff's hands, then if that fact gives defendant Burns a right to recover that amount from plaintiff, the legal effect would be that Jones, having indirectly through plaintiff paid the whole mortgage debt for one-half of which defendant's interest in the land was principal debtor and Jones surety, would, through subrogation or otherwise, be permitted to recover over from Burns' interest in the land for its share. In either case, Burns' share could not escape from its liability.

It follows that the judgment should be modified to award to plaintiff the costs of the action to be taxed, and to strike out the award of costs to the defendant Burns and to direct that the mortgage debt and interest be paid from the proceeds of sale after the payment of plaintiff's costs, referee's fees,

taxes and assessments, and that the surplus remaining be divided into equal parts, one of which shall belong to the plaintiff and one to the defendant Burns, out of which respectively shall be ascertained and paid the respective dower rights as provided in said judgment; and as so modified, said judgment should be affirmed, with costs of this appeal to the plaintiff against the defendant Burns.

All concurred, except MERRELL, J., who dissented and voted for affirmance.

Interlocutory judgment modified so as to award to plaintiff the costs of the action to be taxed, and to strike out the award of costs to the defendant Burns, and to direct that the mortgage debt and interest be paid from the proceeds of sale after the payment of plaintiff's costs, referee's fees, taxes and assessments, and that the surplus remaining be divided into equal parts, one of which shall belong to the plaintiff and one to the defendant Burns, out of which respectively shall be ascertained and paid the respective dower rights as provided in said judgment; and as so modified, the judgment is affirmed, with costs of this appeal to the plaintiff against the defendant Burns.